UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-706-GCM

| MARCUS JAMAL SHANKLE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Alcohol, Tobacco and Firearms; | ) | ORDER |
| JOHN PENDERGRASS, Mecklenburg | ) | |
| County Sheriff's Office; | ) | |
| INVACARE CORPORATION; | ) | |
| JOHN DOE'S, Manufacturer, | ) | |
| InVacare Corporation, | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on an initial review of Plaintiff's pro se complaint and Plaintiff's application to proceed *in forma pauperis*.

### I. BACKGROUND

Plaintiff pled guilty in this district on May 1, 2012, before the Honorable David Keesler to three counts of distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Counts 9, 10 and 12); and one count of distribution of cocaine base within 1000 feet of an elementary school, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and 21 U.S.C. § 860 (Count 11).

According to his complaint, prior to his arrest on the above charges Plaintiff was shot in his right ankle and sustained serious injury. He was hospitalized at Carolinas Medical Center in Charlotte, and issued a new (Breezy) wheelchair on October 28, 2011, and later transported to a Mecklenburg County detention center which is under the authority and control of the Mecklenburg County Sheriff's Office. From October 28, 2011 until May 23, 2013, the wheelchair appeared to

1

be functioning normally, but on May 24, 2011, while Plaintiff was rolling in the wheelchair across the recreation yard, one of the wheelchair's wheels came off causing Plaintiff to fall to the concrete. Plaintiff claims he suffered serious injury and required surgery and other medical procedures. (3:14-cv-706-GCM, Doc. No. 1: Complaint at 4, 13).

On September 9, 2013, Petitioner was sentenced in this district to a term of 50-months' imprisonment on each count to which he pled guilty with such terms to run concurrently. Plaintiff did not appeal and he is presently serving his sentence in the Butner Federal Correctional Institution. (3:11-cr-366-FDW, Doc. No. 31: Judgment). In his complaint, Plaintiff contends that he continues to suffer pain and suffering and he maintains that he will likely suffer long term consequences from his fall and the medical treatment, or lack thereof that followed his injury.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under Federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

### III.     DISCUSSION

Plaintiff has named as defendants the Alcohol, Tobacco and Firearms (ATF) division of the United States of America and John Pendergas, of the Mecklenburg County Sheriff's Office (hereinafter "government defendants"). Plaintiff was a pretrial detainee at the time of his accident and was confined in a Mecklenburg County detention center. Accordingly, Plaintiff must abide by the mandatory requirements of the Prisoner Litigation Reform Act ("PLRA") which provides that a prisoner must exhaust his administrative remedies prior to the commencement of a civil action under § 1983. The PLRA provides, in pertinent part that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

In Porter v. Nussle, 534 U.S. 516 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life and the Court noted that "exhaustion in cases covered by § 1997e(a) is now mandatory." Id. at 524 (citing Booth v. Churner, 532 U.S. 731, 739 (2001)). The Porter Court went on to stress that the exhaustion requirement must be met before commencement of the suit. Id. Whether an inmate has properly exhausted his administrative remedies is a matter to be determined by referencing the law of the state where the prisoner is housed and where the allegations supporting the complaint arose. See Jones v. Bock, 549 U.S. 199, 218 (2007) ("The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.").

The Fourth Circuit has determined that the PLRA does not require that an inmate allege or demonstrate that he has exhausted his administrative remedies. Anderson v. XYZ Corr. Health Servs., 407 F.3d 674 (4th Cir. 2005). Indeed, failure to exhaust administrative remedies is an

affirmative defense, but the Court is not prohibited from sua sponte examining the issue of exhaustion in reviewing the complaint. As the Fourth Circuit observed:

> [A]n inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant. That exhaustion is an affirmative defense, however, does not preclude the district court from dismissing a complaint where the failure to exhaust is apparent from the face of the complaint, nor does it preclude the district court from inquiring on its own motion into whether the inmate exhausted all administrative remedies.

Anderson, 407 F.3d at 683.

In his complaint, Plaintiff states that he filed over thirty-three written grievances about this incident on Inmate Grievance Forms while in the Mecklenburg County detention center, however he has failed to provide any of those grievances or any responses thereto. Plaintiff declares that he will provide such information regarding his participation in the grievance process at the appropriate time. See (3:14-cv-706, Complaint at 10).

Plaintiff is hereby informed that now is the appropriate time. Before this Court will conduct an initial review under § 1915A(b)(1) of the potential claims in Plaintiff's complaint, he must first provide the copies of his written grievance and the responses he received from the Mecklenburg County Sheriff's Office. Plaintiff is informed that failure to provide this information within 20-days from entry of this Order, or a sworn statement that he does not have some or all of the information will result in dismissal of this action against the government defendants and without further notice. An initial review of the complaint against the remaining non-governmental defendants will commence upon receipt of the grievance information.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff shall provide copies of his written grievances which he submitted to the Mecklenburg County Sheriff's Office and any responses thereto within twenty (20) days from entry of this Order or he must provide a sworn statement that

he does not have copies of the written grievances or responses which he has failed to submit. Failure abide by the terms of this Order will result in dismissal of the government defendants without further notice.

    **IT IS SO ORDERED.**

Signed: January 12, 2015

Graham C. Mullen
United States District Judge